UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JOHN DARVEY COOK | CIVIL ACTION NO. 06-0520 |
| VS. | SECTION P |
| RICHARD STALDER, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by pro se plaintiff John Darvey Cook on November 24, 2005.[1] Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the River Bend Detention Center (RBDC), Lake Providence, Louisiana and complains that the staff at that facility failed to protect him from the attack of a fellow inmate and that thereafter he was denied appropriate medical care by the RBDC staff and the Secretary of LDOC. Plaintiff has named LDOC Secretary Richard Stalder, East Carroll Parish Sheriff William Shumate, RBDC Warden Alvin Jones, RBDC Captain Ronnie Harris, and RBDC Nurse Pearly Posey as his

---

[1] Petitioner signed his complaint on November 24, 2005. [doc. 1-1, p. 5] He mailed it to the United States District Court for the Middle District of Louisiana on November 29, 2005. [id., p. 7] It was received and filed in that court on December 5, 2005. That court transferred the improperly filed complaint to this court on March 27, 2006.

Petitioner has been given the benefit of the "mailbox rule" with regard to the filing of his complaint in this court. See *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), wherein a bright-line "mailbox rule" for *pro se* prisoners was established. The Supreme Court recognized that without a mailbox rule, prisoners acting *pro se* would be unduly prejudiced in their attempts to exercise their rights under the law: "Unskilled in law, unaided by counsel, and unable to leave the prison, [a prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access– the prison authorities–and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." *Houston*, 487 U.S. at 271-72, 108 S.Ct. at 2382-83. For the purposes of this report, the date of signing is considered the earliest date that plaintiff could be said to have filed this complaint.

1

defendants.  He prays for an order directing the defendants to provide corrective surgery for his jaw and teeth.  He also prays for compensatory damages for pain and suffering and punitive damages.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons it is recommended that the complaint be **DENIED** and **DISMISSED WITH PREJUDICE.**

## STATEMENT OF THE CASE

On March 25, 2004, plaintiff was an LDOC inmate housed at the RBDC.  On that date he was attacked by a fellow inmate.  The attack occurred at approximately 2:00 p.m.  Plaintiff was examined by Nurse Posey; however, Posey took no affirmative steps to relieve plaintiff's discomfort.  When the night supervisor arrived at approximately 6:00 p.m., plaintiff was transported to a hospital in Monroe.  Plaintiff arrived at the Monroe hospital at approximately 8:30 p.m.  Physicians examined plaintiff and referred him to the Louisiana State University Medical Center (LSUMC) in Shreveport.

Plaintiff arrived at LSUMC some hours later and was placed in security lock down until 7:00 a.m., March 26.  Plaintiff was then examined.  At 9:00 a.m. physicians performed surgery on plaintiff's injuries.

Two weeks later, plaintiff was returned to the LSUMC.  His surgeon removed the staples placed in his wounds and advised him that he would probably need further surgery, but that any future surgery would probably be performed by LDOC doctors at one of their facilities.

On May 1, 2004, plaintiff was taken to Forcht-Wade Corrections Center (FWCC) in Keithville, Louisiana for further examination.  The staff dentist advised plaintiff that his teeth

2

were "perfectly fine."

Plaintiff claims that he feels great discomfort and that chewing food is difficult. Plaintiff claims that his jaw has not been properly set, and he experiences great discomfort and numbness.

Plaintiff did not submit a grievance concerning these events to the LDOC or the RBDC administration. Plaintiff signed his original complaint on November 24, 2005. In a cover letter submitted with his complaint, plaintiff expressed concern that his complaint was untimely. He asked for leniency and explained that he had received conflicting information concerning limitations. [see doc. 1-1, p. 6]

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's original complaint and amended complaint provide the specifics of his theories of liability with respect to the defendants. Read liberally, plaintiff's complaint alleges that the staff at RBDC failed to protect him from his fellow inmate and then afforded delayed and inadequate medical care for his injuries.

Accepting all of plaintiff's allegations as true, the undesigned concludes, for the reasons stated hereinafter, that his complaint is frivolous and should be dismissed.

## 2. Limitations

District courts are authorized to dismiss a complaint as frivolous when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the

4

applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period *sua sponte*. See *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984).

However, the date of accrual for a §1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981). A plaintiff need not realize that a legal cause of action exists but only that the facts support a claim. See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's claim could be said to have accrued on several possible dates. Plaintiff's failure to protect claim accrued on March 25, 2004, when he was attacked by his fellow inmate. His delayed medical care claim accrued during the interval between March 25 – May 1, 2004, the date that plaintiff was examined by the LDOC dentist at Forcht-Wade Corrections Center.

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

If plaintiff's claim accrued May 1, 2004, the latest possible date which could be applied,

5

then he had one year, or until May 1, 2005, to file suit. As shown above, plaintiff's suit was signed on November 24, 2005, and that date is the earliest date upon which suit can be said to have been filed. That being so, plaintiff's filing is clearly untimely and his suit is time-barred.

3. Equitable Tolling

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998). Plaintiff's only excuse for his late filing is ignorance of the law; however, lack of knowledge about the law does not justify equitable tolling. See, Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling).

In short, petitioner has not alleged that any conditions exist to justify the application of equitable tolling. See *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of the AEDPA statute of limitations). See also *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").

This petitioner was far from diligent in pursuing his claims. [2]

4. Conclusion

The limitations period expired before the filing of this suit. Consequently, plaintiff's complaint lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as time barred and frivolous.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

---

[2] It should also be noted that plaintiff did not even attempt to utilize the administrative remedies procedures available to Louisiana prisoners. La. R.S.15:1171 *et seq.* authorizes administrative remedies procedures in all prisons and jails in Louisiana; plaintiff even admits that RBDC has an administrative remedies procedure in place at the institution. He claims, however, that he did not avail himself of those procedures, "[b]ecause actions was directly against [RBDC] and, [LDOC] [and RBDC] is not a state facility although they house state prisoners..." [doc. 1-1, p. 2] 42 U.S.C. §1997e(a), which makes the exhaustion requirement mandatory in prison conditions cases, provides as follows: "No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Therefore, even if plaintiff were afforded the benefits of equitable tolling, his complaint would be subject to dismissal because of his failure to exhaust administrative remedies.

7

conclusions accepted by the District Court, except upon grounds of plain error. See

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

      **THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 16th day of May, 2006.

                                             KAREN L. HAYES
                                             U. S. MAGISTRATE JUDGE